IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROGELIO GARCIA-PALACIOS, § | | |
| #84953-180, § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:13-CV-2097-L-BK | |
| § | (3:11-CR-205-L-1) | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. For the reasons that follow, it is recommended that this action be summarily dismissed.

**I. BACKGROUND**

Petitioner pled guilty pursuant to a plea agreement, to possession of a firearm by a convicted felon and possession with intent to distribute a controlled substance (Counts 1 and 3) and was sentenced to 66 months imprisonment and a 4-year term of supervised release. *United States v. Garcia-Palacios*, 3:11-CR-0205-L (N.D. Tex. Sep. 17, 2012). After sentencing, in accordance with the Plea Agreement, the Government moved to dismiss Count 2 of the indictment, which charged Petitioner with a less serious drug possession offense. Although Petitioner did not appeal, he timely filed this section 2255 motion. (Doc. 1). He requests an explanation of the drug possession charges in Counts 2 and 3, and alleges his defense counsel rendered ineffective assistance. (Doc. 1 at 4; Doc. 2 at 3, 5).

**II. ANALYSIS**

This section 2255 motion is subject to summary dismissal. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not

entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To show prejudice in the context of a guilty plea, however, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

At the outset, Petitioner asks the Court to clarify "why he was charge[d] with conviction 21:841(a)(1) AND (b)(1)(B)(viii) [in Count 3] if it was dismissed." (Doc. 2 at 3). He also inquires "why he got charge[]d with the same conviction" in Counts 2 and 3. *Id.* at 5. Obviously Petitioner confuses the drug possession charges. *See* Indictment (Criminal Docket 11). In Count 2, Petitioner was accused of possessing with intent to distribute a mixture or a substance

containing a detectable amount of cocaine, whereas in Count 3, he was alleged of possessing with intent to distribute five grams or more of methamphetamine. *Id.* Because Counts 2 and 3 obviously involved different offenses -- each drug type constituting a separate offense -- Petitioner was properly charged with separate counts. Thus, contrary to Petitioner's allegations, the dismissal of Count 2 after sentencing, did not affect his guilty plea to Count 3.

Next, Petitioner alleges general claims of ineffective assistance of counsel. (Doc. 2 at 3, 5). A guilty plea ordinarily waives all non-jurisdictional defects, including ineffective assistance claims. However, a petitioner may raise ineffective assistance to the extent that it affected the voluntariness of his plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (quoting *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983)) ("'once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived,' and the waiver 'includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'").

Here, Petitioner does not claim that his guilty plea was unknowing or involuntary. He merely alleges that "trial counsel induced defendant's guilty plea, based on erroneous advice," and that "[u]nder no circumstances a defense counsel should advice [sic] his client to plead guilty, having prove[n] that his client is innocent of the charge that was dismissed." (Doc. 2 at 5). However, as noted above, Petitioner was charged with two separate drug offenses, and Petitioner agreed to plead guilty to Count 3 in exchange for the government dismissing Count 2 after sentencing. In addition, Petitioner does not claim that in light of defense counsel's alleged failures or deficiencies, he would have insisted on proceeding to trial. Indeed, the record reveals Petitioner reaped substantial benefits by pleading guilty, obtaining a guideline offense-level

reduction of three levels for acceptance of responsibility. *See* PSR ¶¶ 27-29, 40-41. Therefore, his ineffective assistance claims are waived.

Notwithstanding waiver, it is well settled that counsel is not required to present a frivolous motion or objection. *See United States v. Preston,* 209 F.3d 783, 785 (5th Cir. 2000) (citing *Green v. Johnson,* 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness."). Petitioner contends generally that defense counsel was ineffective because he failed "to enter as evidence [at sentencing] the conviction that was dismissed," specifically Count 2 of the indictment. (Doc. 2 at 3). Petitioner asserts "[t]his is an example of defense counsel [sic] inattention to the needs and interest of his client. The error in [sic] his defense counsel for not bring[ing] this argument at sentencing hearing, cause[d] defendant to be sentence[d] to a much higher term of imprisonment." *Id.*

Clearly, Petitioner has again overlooked that he pled guilty to Counts 1 and 3 in exchange for the Government dismissing Count 2 after sentencing. The Plea Agreement explicitly set out the parties' understanding that Count 2, the least serious of the two drug possession charges, would be dismissed after sentencing. *See* Plea Agreement ¶ 9 (Criminal Docket 27). In addition, as reflected in the Presentence Report (PSR), there was "no indication the Plea Agreement ha[d] compromised the calculation of the guidelines." PSR ¶¶ 11, 70 (Criminal Docket 34). Based on these facts, counsel had no non-frivolous objection or argument to raise at sentencing. Thus, Petitioner cannot meet his burden under *Strickland/Hill* and his claim of ineffective assistance of counsel fails.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED** with prejudice.

SIGNED June 12, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE